## LEHMAN v. NEW YORK RYS. CO.

(Supreme Court, Appellate Term, First Department. June 14, 1915.)

STREET RAILROADS ⟲112—INJURIES TO CHILD—PROOF OF CARE.

In an action for injuries from being struck by a street car, evidence merely that the plaintiff, an eight year old boy, was struck by the car while crossing the street, did not authorize a recovery, in the absence of evidence of the exercise of any degree of care by him or his parents.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 227, 228; Dec. Dig. ⟲112.]

⟲For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Sam Lehman, an infant, etc., against the New York Railways Company. From judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued May term, 1915, before GUY, LEHMAN, and WHITAKER, JJ.

James L. Quackenbush, of New York City (Walter Henry Wood, of New York City, of counsel), for appellant.

A. G. Lampke, of New York City, for respondent.

GUY, J. This action was brought to recover damages for personal injuries resulting from the striking of the plaintiff by one of the defendant's cars while plaintiff was crossing a public highway. The plaintiff testified as follows:

"I was looking at some candy, so I went past, and I didn't see the car, and didn't hear no gong; . * * * then I fell down * * * and was picked up."

A witness on behalf of plaintiff testified that he saw the car come along, and "it struck this little boy, and the boy fell down."

There is entire absence of evidence of the exercise of any degree of care by the plaintiff. Though of tender years (eight years of age), the law required the plaintiff to use such reasonable care as a child of his age, intelligence, and experience would have used under like circumstances. Even if the child were entirely incapable of exercising care for himself, the obligation to use reasonable care rests upon his parents as his custodians. In the absence of any proof on this point, the complaint should have been dismissed.

Judgment reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.